UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-730-FDW

| | |
|---|---|
| JEREMY LAMOND HENDERSON TRUST, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| BRAD HAYNES, ) | **ORDER** |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff has paid the filing fee.

I.  BACKGROUND

The pro se Plaintiff, as "Jeremy Lamond Henderson Trust ©," purports to file this action under the Court's federal question jurisdiction for relief pursuant to 18 U.S.C. §§ 241 and 242 [Doc. 1 at 1, 6]. He names as the sole Defendant Brad Haynes of the "North Carolina Division of Motor Vehicles Police." [Id. at 2]. He states his claim as follows:

> On August 9, 2019, MR. BRAD HAYNES of THE STATE OF NORTH CAROLINA DIVISION OF MOTOR VEHICLES LICENSE AND THEFT BUREAU filed a WARRANT FOR ARREST for JEREMY LAMOND HENDERSON© due to an alleged address dispute in regards to North Carolina Drivers License Number: 000044980447. MR. BRAD HAYNES alleges that he was unable to find an accurate address on file for JEREMY LAMOND HENDERSON© despite the fact that JEREMY LAMOND HENDERSON TRUST© ensured the NORTH CAROLINA DIVISION OF MOTOR VEHICLES had a home and mailing address on file for this account. MR. BRAD HAYNES did not attempt to contact JEREMY LAMOND HENDERSON© to resolve the alleged discrepancy. JEREMY LAMOND HENDERSON© would have gladly ensured the discrepancy was resolved in a timely manner. Instead, MR. BRAD HAYNES conducted an independent investigation without the knowledge of JEREMY LAMOND HENDERSON© in regards to the alleged address discrepancy and filed a WARRANT FOR ARREST for JEREMY LAMOND HENDERSON© at the

conclusion of his investigation. MR. BRAD HAYNES' investigation concludes that JEREMY LAMOND HENDERSON© obtained THE STATE OF NORTH CAROLINA DRIVER LICENSE# 00004490844 by fraud despite the fact that JEREMY LAMOND HENDERSON© successfully passed the written exam required by THE NORTH CAROLINA DIVISION OF MOTOR VEHICLES to obtain one. JEREMY LAMOND HENDERSON TRUST© suffered a tremendous loss of wages, false arrest, public humiliation, and emotional distress as a result of the malfeasance and false allegations from MR. BRAD HAYNES. The charge was dismissed out of court for a lack of evidence. JEREMY LAMOND HENDERSON© was in the process of relocating to Cabarrus County, North Carolina at the time of the alleged offense, but still ensured that the NORTH CAROLINA DIVISION OF MOTOR VEHICLES had the necessary address needed to stay in honor with THE STATE OF NORTH CAROLINA DIVISION OF MOTOR VEHICLES Driver License Contract.

[Doc. 1 at 5].

The Plaintiff appears to claim that his business, North Carolina Protective Service, Inc., went out of business for four years as a result of the Defendant's actions. For relief, he seeks $4,000,000.00 in lost wages. [Id.].

Before the Plaintiff initiated the instant action, he filed another § 1983 action in this Court, Civil Case No. 3:23-cv-583-FDW, in which he names the same Defendant, asserts the same claims, and seeks damages for lost wages.

## II. STANDARD OF REVIEW

The Plaintiff is not a prisoner, and he has paid the full filing fee. "However, frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012). This case is, therefore, subject to frivolity review under the Court's inherent authority. See Patrick v. Boyd, No. 7:22-CV-185-D, 2023 WL 8813590, at *2 (E.D.N.C. Nov. 27, 2023), report and recommendation adopted, No. 7:22-CV-185-D, 2023 WL 8810763 (E.D.N.C. Dec. 20, 2023)

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or

2

delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

This action is so overlapping and duplicative of Civil Case No. 3:23-cv-583-FDW that the Court cannot allow the two actions to proceed simultaneously. Because the Plaintiff filed the proceedings in the other case first, the Court will dismiss the instant action without prejudice.

**Plaintiff is directed to carefully review the Order of Instructions [entered Nov. 15, 2023] before filing any further documents with the Court. He is further cautioned that the repeated filing of frivolous or duplicative actions may result in the imposition of sanctions and/or a prefiling injunction that would limit the Plaintiff's ability to file further lawsuits in this Court.**

### IV. CONCLUSION

In sum, this action is duplicative of Civil Case No. 3:23-cv-583-FDW and, as such, the Court will exercise its inherent authority to dismiss this action without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: February 5, 2024

Frank D. Whitney
United States District Judge